UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
OORAH, INC.,

                            **1:17-CV-07175 (PAE)**

                    Plaintiff,

     -against-

KANE KESSLER, P.C., GERARD SCHIANO-
STRAIN, ESQ., BIRCH COMMUNICATIONS
INC., RONALD KUZON and JOHN DOES 1-10,

                   Defendants.
--------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS KANE KESSLER, P.C.'S
AND GERARD SCHIANO-STRAIN, ESQ.'S RULE 12(b) MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT</u>**


                     FURMAN KORNFELD & BRENNAN LLP


                  By:   <u>/s/ Rachel Aghassi</u>
                       Rachel Aghassi, Esq. (Bar # RA8118)
                       Spencer Richards, Esq.
                       Mike Furman, Esq.
                       *Attorneys for Defendants*
                       *Kane Kessler, P.C., and*
                       *Gerard Schiano-Strain, Esq.*
                       61 Broadway, 26th Floor
                       New York, NY 10006
                       T: (212) 867-4100
                       F: (212) 867-4118
                       Emails: raghassi@fkblaw.com
                       FKB File No. 313.193

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS ...........................................................................................3

PROCEDURAL HISTORY...........................................................................................7

STANDARD OF REVIEW ...........................................................................................8

ARGUMENT ................................................................................................................9

   I.   PLAINTIFF IS UNABLE TO PLEAD A JUDICIARY LAW § 487 CLAIM.......9

      A.  Plaintiff is Collaterally Estopped from Asserting a Judiciary Law §
          487 Claim..........................................................................................9

      B.  Plaintiff's Judiciary Law § 487 Claim Is  Not Properly Before This
          Court ...............................................................................................13

      C.  Plaintiff Has Not Alleged the Chronic Pattern of Legal Delinquency
          and Requisite Intent Required for Judiciary Law § 487 ...................15

      D.  Plaintiff Cannot Plead that the KK Attorneys Caused Its Damages
          Because Covista Admitted Liability and the Underlying Case Is Still
          Ongoing...........................................................................................17

      E.  Plaintiff Has Failed to Plead Its Judiciary Law § 487 Claim with
          Particularity....................................................................................18

  II.  AS A MATTER OF LAW, THE KK ATTORNEYS CANNOT BE LIABLE
      FOR FRAUDULENT CONVEYANCE................................................................18

      A.  Plaintiff Does Not Allege That the KK Attorneys Were the
          Transferees or Beneficiaries of the Conveyance ...............................19

      B.  Plaintiff is Collaterally Estopped from Asserting a Fraudulent
          Conveyance Claim ..........................................................................19

      C.  The Fraudulent Conveyance Claim is Time-Barred .........................20

 III. THE KK ATTORNEYS DID NOT OWE PLAINTIFF A FIDUCIARY
      DUTY ................................................................................................................21

i

A.  The KK Attorneys Did Not Owe a Duty to Plaintiff .........................................21

B.  Plaintiff's Breach of Fiduciary Duty Claim is Time-Barred ..........................22

C.  The Breach of Fiduciary Duty Claim Does Not Allege that the KK
Attorneys Caused Plaintiff's Injuries.................................................................22

D.  Plaintiff Cannot Plead that the KK Attorneys Aided and Abetted a
Fiduciary Breach...............................................................................................23

IV. PLAINTIFF HAS FAILED TO JOIN AN INDISPENSABLE PARTY...............24

CONCLUSION.......................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

Page(s)

*Adamson v. Bachner*
2000 U.S. Dist. LEXIS 7346 (S.D.N.Y. May 31, 2000)....................................................18

*Aetna Life & Cas. Co. v. Nelson*
67 N.Y.2d 169 (NY 1986) ...............................................................................................22

*Amberger v. Legacy Capital Corp.*
2017 U.S. Dist. LEXIS 171816 (S.D.N.Y. 2017)............................................................20

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)............................................................................................................9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)............................................................................................................9

*Brady v. Friedlander*
121 A.D.3d 431 (1st Dept. 2014)......................................................................................12

*Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.*
13 A.D.3d 296 (1st Dept 2004)........................................................................................18

*Brignoli v. Belch, Hardy & Scheinman, Inc.*
126 F.R.D. 462 (S.D.N.Y. 1989) .....................................................................................16

*Bryant v. Silverman*
2017 U.S. Dist. LEXIS 31737 (S.D.N.Y. 2016) ..............................................................18

*Calloway v. Marvel Entertainment Group*
854 F.2d 1452 (2d Cir. 1988)...........................................................................................17

*Cantor Fitzgerald Inc. v. Lutnick*
313 F.3d 704 (2d. Cir. 2002)............................................................................................20

*Central Hudson Gas & Electric Corporation v. Empresa Naviera Santa S.A.*
56 F.3d 359 (2d Cir. 1995)..........................................................................................10, 12

*Charles v. Levitt,*
2016 U.S. Dist. LEXIS 95725 (S.D.N.Y. 2016) ..............................................................14

*City of Almaty v. Ablyazov*
2017 U.S. Dist. LEXIS 168416 (S.D.N.Y. 2017)............................................................19

*Cooper v. Parsky*
140 F.3d 433 (2d Cir. 1998).............................................................................................22

iii

*Corcoran v. Giampetruzzi*
29 Misc. 3d 1217 (Sup. Ct. Nassau Co. 2010).................................................................13

*Cortec Industries, Inc. v. Sum Holding L.P.*
949 F.2d 42 (2d Cir. 1991)...................................................................................................9

*Curry v. Dollard*
52 A.D.3d 642 (2d Dept. 2008) ..........................................................................................17

*DeJesus v. Sears Roebuck & Co.*
87 F.3d 65 (2d Cir. 1996)......................................................................................................9

*Deni v. Air Niagara*
594 N.Y.S.2d 468 (4th Dept. 1994) ...................................................................................21

*DeRaffele v. 210-220-230 Owners Corp.*
33 A.D.3d 752 (2d Dept. 2006) ..........................................................................................22

*Doo v. Berger*
227 A.D.2d 435 (2d Dept. 1996) ........................................................................................21

*Doscher v. Mannatt, Phelps & Phillips, LLP*
148 A.D.3d 523 (1st Dept. 2017).......................................................................................11

*EBC I, Inc. v. Goldman, Sachs & Co.*
5 N.Y.3d 11 (NY 2005) .......................................................................................................21

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*
375 F.3d 168 (2d Cir. 2004)...............................................................................................18

*Federal Deposit Ins. Corp. v. Porco*
552 N.Y.S.2d 910 (NY 1990) .............................................................................................19

*Federal Ins. Co. v. SafeNet, Inc.*
758 F. Supp.2d 251 (S.D.N.Y. 2010)..................................................................................24

*Flintlock Constr. Servs., LLC v. Goodwin Procter LLP*
2014 N.Y. Misc. LEXIS 5084 (Sup. Ct. Westchester Co. 2014)........................................18

*Flutie Bros. LLC v. Hayes*
2006 U.S. Dist. LEXIS 31379 (S.D.N.Y. 2006) .................................................................18

*Foufas v. Leventhal*
1995 U.S. Dist. LEXIS 7641 (S.D.N.Y. June 5, 1995).......................................................19

*Galland v. Kossoff*
824 N.Y.S.2d 630 (1st Dept. 2006) .......................................................................16

*Gasperini v. Ctr. for Humanities, Inc.*
518 U.S. 415 (1996).............................................................................................10

*Gelmin v. Quickie*
224 A.D.2d 481 (2d Dept. 1996) ..........................................................................17

*Geren v. Quantum Chemical Corp.*
832 F. Supp. 728 (S.D.N.Y. 1993) ........................................................................19

*Gillen v. McCarron*
126 A.D.3d 670 (2d Dept. 2015) .....................................................................11, 13

*Glob. Fin. Corp. v. Triarc Corp.*
93 N.Y.2d 525 (NY 1999) ....................................................................................20

*Hadges v. Yonkers Racing Corp.*
48 F.3d 1320 (2d Cir. N.Y. 1995).........................................................................17

*Hansen v. Werther*
2 A.D.3d 923 (2d Dept. 2003) .........................................................................11, 14

*Herschman v. Kern, Augustine, Conroy & Schoppmann*
2012 N.Y. Misc. LEXIS 3616 (Sup. Ct. N.Y. Co. 2012) ...................................18

*Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*
157 F.3d 933 (2d Cir. 1998)..................................................................................22

*Izko Sportswear Co., Inc. v. Flaum*
63 A.D.3d 687 (2d Dept. 2009) ............................................................................11

*Jackson v. New York*
586 N.Y.S.2d 952 (1st Dept. 1993) .........................................................................5

*Johnson v. The Smithsonian Inst.*
189 F.3d 180 (2d Cir. 1999)..................................................................................24

*Jonesfilm v. Lion Gate Int'l*
299 F.3d 134 (2d Cir. 2002)..................................................................................24

*Kaufman v. Cohen*
307 A.D.2d 113 (1st Dept. 2003)..........................................................................23

*Kolbeck v. LIT Am*

939 F. Supp. 240 (S.D.N.Y. 1996) .................................................................23, 24

*Kurtzman v. Bergstol*
40 A.D.3d 588 (2d Dept. 2007) ................................................................22

*Leather v. Eyck*
180 F.3d 420 (2d Cir. 1999)......................................................................10

*Liebert v. Gelbwaks*
234 A.D.2d 164 (1st Dept. 1996)..............................................................16

*Lipin v. Hunt*
2015 U.S. Dist. LEXIS 35700 (S.D.N.Y. 2015).......................................21

*Lippe v. Bairnco Corp.*
225 B.R. 846 (S.D.N.Y. Bankr. 1998) ......................................................19

*Little Rest Twelve, Inc. v. Zajic*
137 A.D.3d 540 (1st Dept. 2016)........................................................13, 15

*Management Corp. v. Seltzer*
795 N.Y.S.2d 448 (1st Dept. 2005) ..........................................................16

*Matter of Kenneth Cole Productions, Inc.*
2013 N.Y. Misc. LEXIS 4026 (Sup. Ct. N.Y. Co. 2013) ..................................23

*Melnitzky v. Owen*
19 A.D.3d 201 (1st Dept. 2005)................................................................13

*Newin Corp. v. Hartford Acci. & Indem. Co.*
37 N.Y.2d 211 (1975) ...............................................................................13

*Nichols v. Curtis*
104 A.D.3d 526 (1st Dept. 2013)..............................................................22

*Oakes v. Muka*
56 A.D.3d 1057 (3d Dept. 2008) .........................................................16, 17

*Oorah, Inc. v. Covista Communications, Inc.*
139 A.D.3d 444 (1st Dept. 2016).................................................................6

*Oorah, Inc. v. Covista Communications, Inc.*
149 A.D.3d 552 (1st Dept. 2017).................................................................7

*Pieroni v Phillips Lytle LLP*
140 A.D.3d 1707 (4th Dept. 2016) ...........................................................18

vi

*Ritchie v. Landau*
475 F.2d 151 (2d Cir. 1973)........................................................................................10

*Rogath v. Koegel*
1998 U.S. Dist. LEXIS 15624 (S.D.N.Y. 1998).........................................................21

*Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP*
2013 U.S. Dist. LEXIS 93762 (S.D.N.Y. 2013)...............................................9, 16, 18

*Schweizer v. Mulvehill*
93 F. Supp. 2d 376 (S.D.N.Y. 2000).........................................................................10

*Seldon v. Bernstein*
503 Fed. Appx. 32 (2d Cir. 2012)........................................................................13, 15

*Simon v. Philip Morris, Inc.*
86 F. Supp. 2d 95 (E.D.N.Y. 2000) ..........................................................................20

*Sokol Holdings, Inc. v. BMB Munai, Inc.*
726 F. Supp. 2d 291 (S.D.N.Y. 2010).......................................................................21

*Specialized Indus. Servs. Corp. v. Carter*
68 A.D.3d 750  (2d Dept. 2009) ...............................................................................14

*Thomson Kernaghan & Co. v. Global Intellicom, Inc.*
1999 U.S. Dist. LEXIS 13723 (S.D.N.Y. 1999).......................................................19

*Ulico Casualty Company v. Wilson, Elser, Moskowitz, Edelman & Dicker*
56 A.D.3d 1 (1st Dept. 2008).............................................................................21, 22

*Willberry Corp. v. Schwartz*
29 A.D.3d 899 (2d Dept. 2006) ................................................................................22

*Woori Bank v. Merrill Lynch*
923 F.Supp.2d 491 (S.D.N.Y.)..................................................................................20

*Yalkowsky v. Century Apartments Assocs.*
215 A.D.2d 214  (1st Dept. 1995).......................................................................13, 14

## **STATUTES**

Page(s)

New York Civil Practice Law and Rules ("CPLR") § 202.................................................20

CPLR § 203.....................................................................................................................22

CPLR § 213.................................................................................................................20

Fed. R. Civ. P. 9...................................................................................................18, 23

Fed. R. Civ. P. 12..............................................................................................*passim*

Fed. R. Civ. P. 19.....................................................................................................24

N.J.S.A. 25:2-31........................................................................................................20

New York Business Corporation Law § 1314 .................................................*passim*

New York Debtor and Creditor Law § 273 .........................................................8

New York Judiciary Law § 487 ......................................................................*passim*

This Memorandum of Law is submitted in support of the motion by Defendants, Kane Kessler, P.C. and Gerard Schiano-Strain, Esq. (collectively, the "KK Attorneys"), pursuant to F.R.C.P. 12(b)(6) and (7), seeking dismissal of Plaintiff Oorah, Inc.'s ("Plaintiff") Complaint with prejudice.

## PRELIMINARY STATEMENT

Plaintiff frivolously initiated the instant action to harass its former opposing counsel from contentious litigation that is currently ongoing in New York Supreme Court, New York County (the "State Action"), in order to improperly re-litigate issues that were fully resolved, forum shop for a more favorable tribunal, and impermissibly invade the attorney-client relationship. As detailed below, all of Plaintiff's claims are without merit and are barred as a matter of law.

In the State Action, Plaintiff seeks to recover damages from Covista Communications, Inc. ("Covista"), a telecommunications company, for breach of contract on the ground that Covista ceased paying monthly contractual commissions to Plaintiff.[1] The KK Attorneys represented Covista in the State Action until July 2017 (discussed in greater detail *infra*).

After litigation began in the State Action, Covista sold its assets to Birch Communications, Inc. ("Birch") pursuant to an Asset Purchase Agreement ("APA") dated November 30, 2012.  The KK Attorneys did not represent Covista or Birch in this transaction. Plaintiff then moved to amend its Complaint to add Birch under a theory of successor liability after which, Birch retained the KK Attorneys to represent it in the State Action. The KK Attorneys filed a motion to dismiss Birch from the Action, which was granted and affirmed on

---

[1] Captioned, "*Oorah, Inc. d/b/a Cucumber Communications v. Covista Communications, Inc.*, Index No. 652316/11 (Sup. Ct. N.Y. Co.)(Bransten, J.)." Documents related to the State Action are cited herein to the New York State Courts Electronic Filing System ("NYSCEF") and also annexed to the Declaration of A. Michael Furman, Esq. ("Furman Decl.") dated November 17, 2017, submitted herewith. All exhibits referenced herein are similarly annexed to the Furman Decl.

appeal.  The only remaining claim against Covista in the State Action is the breach of contract claim to which Covista has admitted liability. Plaintiff now alleges that the asset sale rendered Covista judgment-proof,[2] and in this federal action, seeks to hold the KK Attorneys and co-defendants responsible for Plaintiff's failure to diligently prosecute its claims against Covista.

At its core, the instant Complaint is an attempt to re-litigate issues which were fully resolved in the State Action, including Plaintiff's allegations that the KK Attorneys submitted an affidavit which misrepresented whether witnesses were located in New York in support of a motion to dismiss for *forum non conveniens* and discovery disputes over document production. Plaintiff is collaterally estopped from re-litigating these issues. Likewise, Plaintiff's Judiciary Law § 487 violation claim must be dismissed because the claim does not plead a larger fraudulent scheme greater in scope than the issues determined in the State Action, and therefore cannot be litigated in a separate plenary action. Plaintiff has also failed to allege the requisite intent and chronic pattern of legal delinquency for a Judiciary Law § 487 claim.

Separate and aside from the above fatal flaws, Plaintiff fails to state a claim against the KK Attorneys for fraudulent conveyance because it is time-barred; barred by collateral estoppel; and the KK Attorneys were neither a transferor nor transferee (nor did they act as transaction counsel for either party). The breach of fiduciary duty claim similarly fails because the KK Attorneys did not owe a duty to Plaintiff; the claim is time-barred; Plaintiff failed to plead causation; and Plaintiff could not alternatively plead an aiding and abetting claim because: (1) the State Court already ruled that the underlying transaction was not a breach; (2) the complaint does not allege that the KK Attorneys had actual knowledge of the transfer; and (3) the Complaint does not allege that the KK Attorneys provided substantial assistance. For these

---

[2]  No final judgment on damages has been entered in the State Action.

reasons, Plaintiff's Complaint must be dismissed with prejudice under F.R.C.P. 12(b)(6).

In addition, Plaintiff's failure to name Covista, an indispensable party, in this action warrants dismissal under F.R.C.P. 12(b)(7). In an inappropriate attempt to forum shop for a venue outside of the Supreme Court, New York County, Plaintiff manipulated diversity jurisdiction by deliberately omitting Covista from the action.

## STATEMENT OF FACTS

On October 20, 2011, Covista engaged the KK Attorneys to represent it in the State Action filed by Plaintiff.[3] In that litigation, Plaintiff sought damages against Covista for breach of contract and breach of fiduciary duty for Covista's alleged failure to pay commissions to Plaintiff for marketing its telecommunications services. After answering the State Action complaint and filing counterclaims, Covista moved to dismiss the complaint on grounds of *forum non-conveniens* and New York Business Corporation Law ("BCL") §1314. Covista supported its motion with an affidavit from Covista's Vice President, Sandra Forquer ("Forquer"), wherein she swore that all of the documents and witnesses related to the State Action were located in the States of Tennessee and New Jersey. On May 7, 2012, Plaintiff opposed Covista's motion and cross-moved to dismiss Covista's counterclaims.[4]

While the motions were pending, on November 30, 2012, Birch and Covista entered into the APA by which Birch agreed to purchase Covista's assets for approximately $4 million clear of encumbrances, which transaction closed on March 25, 2013.[5] The KK Attorneys were not involved in this transaction. On January 18, 2013, Plaintiff sought leave of court by letter motion to depose a witness with knowledge of the APA due to Plaintiff's concern that the impending

---

[3] Ex. A, Plaintiff's State Action Amended Complaint; NYSCEF Doc. No. 3.
[4] Ex. B, Plaintiff's Memorandum in Opposition and in Support of Cross-Motion to Dismiss; NYSCEF Doc. No. 16.
[5] Ex. C, Asset Purchase Agreement; NYSCEF Doc. No. 199; *see also* Birch Memorandum of Law in Support of Motion to Dismiss at NYSCEF Doc. No. 203 at p. 2.

sale of assets would render Covista judgment-proof.[6]

On March 15, 2013, Plaintiff deposed Covista's General Counsel, Ronald Kuzon ("Kuzon") and, in doing so, questioned him as to whether he maintained an office in New York, which could serve as the basis for venue under BCL § 1314 (c) in a lawsuit between two foreign corporations. *See* Ex. F, Complaint at ¶¶ 27, 28. Mr. Kuzon testified that he occasionally used a desk in a New York office suite to conduct business for Covista. Based on the deposition testimony, the KK Attorneys notified the court that Kuzon used an office in New York. On July 16, 2013, the State Court denied Covista's motion to dismiss, acknowledging the KK Attorneys' disclosure, and also denied Plaintiff's cross-motion to dismiss the counterclaims.[7]

On August 2, 2013, Plaintiff filed a motion to amend its complaint (for a third time) to add Birch as a defendant and also filed a motion to compel discovery. Ex. F, Complaint at ¶ 33. Plaintiff's Memorandum in support of its motion to amend makes the same arguments that are asserted herein, namely, that the conduct of the KK Attorneys on behalf of Covista throughout the litigation were intended to thwart discovery, that the KK Attorneys made certain misrepresentations, and suggested that the APA between Birch and Covista was entered into so that Covista could avoid its obligations to Plaintiff.[8] Similarly, the motion to compel argued that Covista refused to provide discovery responses and that the KK Attorneys indicated that they would search Covista's files for further documents; however, no documents were ever produced.[9] Notably, the motion also requested sanctions based on Covista's alleged failure to

---

[6] Ex. D, Plaintiff's Letter dated January 18, 2013 at pp. 2, 3; NYSCEF Doc. No. 26, referenced in Ex. F, Plaintiff's Complaint at ¶ 31 (Plaintiff states that it was "concerned that Covista is selling off assets and thereby stripping the company of the ability to satisfy a judgment for unpaid commission owed to [Plaintiff]" and "Covista has waged an intentional campaign of obfuscation and delay.").
[7] Ex. E, Decision and Order dated July 16, 2013 at p. 10; NYSCEF Doc. No. 81 (citing compliance conference statements on March 19, 2013).
[8] Ex. G, Plaintiff's Memorandum of Law; NYSCEF Doc. No. 84 at p. 8.
[9] Ex. H, Plaintiff's Memorandum of Law; NYSCEF Doc. No. 109 at p. 7 n. 2.

provide discovery. *Id.* at p. 14. During oral argument, Plaintiff again requested sanctions based on the KK Attorneys' alleged discovery delinquencies.[10]

The State Court granted Plaintiff's motion to amend to add Birch and its motion to compel discovery, and also required the production of a Jackson Affidavit[11] stating that there were no other documents to be produced to Plaintiff. *Id.* at pp. 16, 21.  In addition, the State Court was "<u>definitely not granting the motion for sanctions</u>" because it found no basis for Plaintiff's request, and the State Court also admonished the Plaintiff's counsel (the same counsel representing Plaintiff in this action) for repeatedly seeking sanctions with every motion they filed. *Id.* at p. 27 (emphasis added). On September 19, 2013, the KK Attorneys filed the Jackson Affidavit in which Tamie Morgan, Covista's Senior Staff Accountant, stated that she had searched boxes of documents and produced additional information, but that she could not search Covista's servers because she was unable to gain access as they had been decommissioned following the asset sale (NYSCEF Doc. No. 183).

On December 18, 2013, the KK Attorneys moved to dismiss the claims against Birch. Despite the pending motion, the KK Attorneys, on behalf of Birch, still responded to Plaintiff's discovery demands.[12] On January 8, 2014, Plaintiff filed opposition to Birch's motion arguing (as is asserted herein) that the sale was a fraudulent transfer of assets.[13]  On September 26, 2014, the State Court granted Birch's motion to dismiss holding that the Plaintiff's successor liability

---

[10] Ex. I, Decision and Order dated September 20, 2013; NYSCEF Doc. No. 185 at p. 12.

[11] A "Jackson Affidavit" is an affidavit to the court showing (1) where the subject records were likely to be kept, (2) what efforts, if any, were made to preserve them, (3) whether such records were routinely destroyed, or (4) whether a search had been conducted in every location where the records were likely to be found. *See Jackson v. New York*, 586 N.Y.S.2d 952, 953 (1st Dept. 1993).

[12] Ex. F, Complaint ¶ 44; *see also* Birch's responses to Plaintiff's First Set of Interrogatories, NYSCEF Doc. No. 233; Birch's Response to Plaintiff's Request for the Production of Documents and Things, NYSCEF Doc. No 234.

[13] Ex. J, Memorandum of Law in Opposition; NYSCEF Doc. No. 206 at pp. 1, 16, 19.

claims failed to state a cause of action <u>and that the asset sale was not a fraudulent transaction</u>.[14]

Instead of attempting to pursue its claims against Covista, Plaintiff appealed Birch's dismissal from the State Action. *See* Ex. F, Complaint at ¶ 35. On May 5, 2016, the Appellate Division affirmed the Birch dismissal. *See Oorah, Inc. v. Covista Communications, Inc.*, 139 A.D.3d 444 (1st Dept. 2016). Thus, both the trial and the appellate court found that Plaintiff failed to sufficiently allege that the asset sale was somehow a fraudulent transaction. *Id*. at 446.

Meanwhile, on January 9, 2014, Covista admitted liability to Plaintiff.[15] Inexplicably, even though Covista admitted liability, <u>Plaintiff allowed the State Action against Covista to lie dormant for a full year and almost nine months as Plaintiff sought to pursue its claim against Birch</u>. Finally, on August 25, 2015, Plaintiff moved for summary judgment against Covista. *See* Ex. F, Complaint ¶ 45. In that motion, Plaintiff again pressed its discovery grievances and moved for spoliation sanctions for failure to preserve documents.[16] Covista cross-moved for summary judgment on its counterclaims.

On August 23, 2016, the State Court denied Plaintiff's motion and granted Covista's cross-motion, awarding it judgment in the amount of $1,797,131.58 plus interest.[17] The State Court addressed Plaintiff's repeated requests for sanctions for spoliation, noting that documents located on Covista's servers were destroyed when the sale to Birch occurred. *Id.* Even so, the State Court found that the destruction did not warrant the extreme remedy of dismissing of the counterclaims or even monetary sanctions. Instead, the State Court granted an adverse inference as an appropriate sanction against Covista. Notably, although requested at oral argument by

---

[14] Ex. K, Decision and Order dated September 26, 2014; NYSCEF Doc. No. 237 at p. 10.
[15] Ex. F, Complaint ¶ 45; *see also* Covista Response to First Notice to Admit; NYSCEF Doc. No. 211 at p. 4.
[16] Ex. L, Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, NYSCEF Doc. No. 250 at pp. 19-21.
[17] Ex. M, Decision and Order dated August 24, 2016; NYSCEF Doc. No. 346 at pp. 12-14.

Plaintiff and its counsel, the State Court declined to impose sanctions against the KK Attorneys. *Id.* Plaintiff then appealed the State Court's decision to grant Covista's motion for summary judgment. On April 18, 2017, the First Department reversed, dismissing Covista's counterclaims. *Oorah, Inc. v. Covista Communications, Inc.*, 149 A.D.3d 552 (1st Dept. 2017).

On May 22, 2017, the KK Attorneys submitted a motion to withdraw as Covista's counsel because Covista terminated its attorney-client relationship with Kane Kessler.[18] Plaintiff inexplicably opposed the motion, arguing for some reason that Covista did not have the right to choice of counsel because of a potential delay of proceedings. *Id.* at ¶¶55-57. After considering Plaintiff's objections, on July 13, 2017, the State Court granted the KK Attorneys' motion to withdraw, finding that Covista voluntarily discharged the KK Attorneys and that all that remained was determining damages.[19] After withdrawal, the KK Attorneys did not perform any additional work on the State Action, which is still ongoing. In fact, the parties are in the process of scheduling a deposition and Oorah has yet to file a Note of Issue. Most recently, Plaintiff voluntarily dismissed its breach of fiduciary duty claim against Covista. NYSCEF Doc. No. 423.

Instead of pursuing damages against Covista in the State Action, Plaintiff now seeks to hold the KK Attorneys responsible for its damages in an attempt to re-litigate issues already fully litigated and decided in the State Court.

## PROCEDURAL HISTORY

Even though the State Action is still ongoing, on September 20, 2017, Plaintiff commenced the instant action against their adversary's former counsel, the KK Attorneys, as well as Birch and Kuzon. *See* Ex. F, the Complaint. The Complaint vaguely asserts liability

---

[18]Ex. N, Motion to Withdraw and Exhibit A (email from Kuzon terminating the KK Attorneys); NYSCEF Doc. No. 372 and 373.

[19] Ex. O, Decision and Order dated July 13, 2017; NYSCEF Doc. No. 385. The State Court granted only a 7-day stay instead of a 60-day stay as requested by Covista.

against the KK Attorneys for violation of New York Judiciary Law § 487, fraudulent conveyance, fraudulent conveyances under New York Debtor and Creditor Law § 273-a, and breach of fiduciary duty.

Plaintiff alleges here that the KK Attorneys violated Judiciary Law § 487 by knowingly misrepresenting to the State Court in its motion to dismiss that documents and witnesses relevant to the State Action were not located in New York, but rather in Tennessee where Covista maintains its headquarters and business records.[20] In any event, the issue was fully litigated in the State Action and the Court found that when discovery revealed that Kuzon occasionally used a desk in a New York office suite, the KK Attorneys brought that fact to the Court's attention. Thus, there was no misrepresentation. *See id.* at ¶¶ 62, 63. Plaintiff also alleges that this "misrepresentation" delayed Plaintiff's ability to pursue its claims against Covista, even though Plaintiff's lackadaisical attitude resulted in delay of a year and nine months after Covista admitted liability. *See id.* at ¶ 64.

Plaintiff's fraudulent conveyance and breach of fiduciary duty allegations are based on the transfer of assets to Birch. Plaintiff cannot state a claim for either cause of action because the KK Attorneys (who were not transaction counsel) were not the transferor or transferee, and, as opposing counsel, owed no fiduciary duty to Plaintiff.  Plaintiff's causes of action are entirely meritless or otherwise grounded in conclusory allegations unsupported by any specific facts.

**STANDARD OF REVIEW**

A motion pursuant to F.R.C.P. 12(b)(6) seeks dismissal on the grounds that the complaint

---

[20] While Plaintiff did not refute these contentions, the State Court denied the *forum non conveniens* motion on the primary ground that the Tennessee court lacked jurisdiction over Plaintiff, so that Covista could not pursue its counterclaims in that forum.  Kuzon's use of a desk in a New York office suite was relevant only to the alternative argument for dismissal under BCL § 1314, which restricts lawsuits between two foreign corporations, but does not apply where a corporation maintains an office in New York.

fails to state a claim upon which relief may be granted. Ordinarily, the complaint must simply "contain a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Conclusory statements and allegations are insufficient to meet this burden. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must set out facts to show entitlement to relief, which requires more than generic labels, broad conclusions, or formulaic recitations of the elements of a cause of action. *See id.*; *see also DeJesus v. Sears Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir. 1996). More specifically, a plaintiff must allege facts to demonstrate "more than a sheer possibility that a defendant acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *citing Twombly*, 550 U.S. at 556.

"In making that determination, a court may look to the pleadings as well as to any documents integral to the complaint upon which the pleadings rely." *Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP*, 2013 U.S. Dist. LEXIS 93762 (S.D.N.Y. 2013) (Engelmayer, J.) (citations omitted); *see also* F.R.C.P. 10(c). Therefore, a defendant, attacking a complaint for plaintiff's failure to state a claim, may produce the documents referenced in the complaint to prevent the plaintiff from escaping the consequences of its own failure. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 118 L. Ed. 2d 208 (1992).

After applying the unambiguous and well-settled law referenced above and considering the documentary evidence submitted in support of this motion, the Complaint should be dismissed in its entirety with prejudice for failure to state a claim.

## ARGUMENT

### I.   PLAINTIFF IS UNABLE TO PLEAD A JUDICIARY LAW § 487 CLAIM

#### A.   Plaintiff is Collaterally Estopped from Asserting a Judiciary Law § 487 Claim

Each of Plaintiff's allegations against the KK Attorneys were litigated and decided in the

State Action, and Plaintiff is therefore precluded from re-litigating these issues. Under New York law, it is well established that the doctrine of collateral estoppel precludes a plaintiff from re-litigating an "issue that was raised, necessarily decided, and material in the first action."[21] *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 389 (S.D.N.Y. 2000) *citing Leather v. Eyck*, 180 F.3d 420, 425 (2d Cir. 1999). The doctrine of collateral estoppel applies where (1) the issues of both proceedings are identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) the plaintiff had "full and fair opportunity" to litigate the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits. *Central Hudson Gas & Electric Corporation v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995). The doctrine applies to the issues, not the causes of action in the previous litigation. *See Leather*, 180 F.3d at 425.

As an initial matter, Plaintiff does not explicitly state the "deceit or collusion" that forms the basis of their Judiciary Law § 487 claim leaving the KK Attorneys to guess based on vague assertions. Even so, the doctrine of collateral estoppel entirely precludes Plaintiff's Judiciary Law § 487 claim that the KK Attorneys made a misrepresentation in its motion to dismiss. Plaintiff extensively litigated this issue in the State Action and it was resolved there. *See* Ex. F, Complaint ¶¶ 20, 27, 28.  The KK Attorneys initially submitted an affidavit from a representative of their client asserting that the pertinent witnesses were located outside of New York in Tennessee (which Plaintiff did not refute).  Alternatively, Covista moved to dismiss under BCL § 1314. Once Kuzon's deposition was taken, it appeared that the lawsuit could be maintained in New York under BCL §1314(c). The KK Attorneys corrected their representation at a conference

---

[21]  Federal courts sitting in diversity apply state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Also in a federal diversity action, "state law is controlling on the question of the applicability of the collateral estoppel doctrine to a given set of circumstances." *Ritchie v. Landau*, 475 F.2d 151, 154 (2d Cir. 1973).

before the State Court, and the State Court acknowledged that representation in its resulting decision. *See* Ex. E. Specifically, after Plaintiff fully litigated this issue, the State Court denied Covista's *forum non conveniens* motion to dismiss (on grounds that had nothing to do with Kuzon's office) and denied the alternative motion to dismiss under BCL § 1314 (based on Kuzon's office in New York). The KK Attorneys' fully disclosed to the State Court the facts about Kuzon's office at a March 19, 2013 conference before the State Court, a few days after Kuzon's deposition.  After already litigating its assertions that the KK Attorneys misrepresented whether Kuzon had access to a New York office and already receiving a decision in its favor, Plaintiff now attempts again to revive the issue against the KK Attorneys in a federal forum.

In *Gillen v. McCarron*, 126 A.D.3d 670, 671 (2d Dept. 2015), the Appellate Division, precluded exactly this type of claim, finding that "[s]ince the plaintiff had a full and fair opportunity to address the alleged violations [in the underlying case] and those applications were denied, he is barred by the doctrine of collateral estoppel from relitigating those issues."[22]  Like *Gillen*, Plaintiff had a full and fair opportunity to address the alleged "misrepresentations," and in fact did so. The State Court considered Plaintiff's arguments and ruled on them. Plaintiff is now collaterally estopped from re-litigating the issue under the guise of Judiciary Law § 487.

The doctrine of collateral estoppel applies in equal measure to Plaintiff's allegations with respect to the KK Attorneys' motion to withdraw as Covista's counsel. Plaintiff asserts that the KK Attorneys' misrepresented that Covista terminated their attorney-client relationship solely for the purpose of delaying the proceedings (*see* Ex. F, Complaint ¶¶ 55-57, 65), despite the

---

[22] *Id.* (citing *Izko Sportswear Co., Inc. v. Flaum*, 63 A.D.3d 687, 688 (2d Dept. 2009); *Hansen v. Werther*, 2 A.D.3d 923 (2d Dept. 2003)); *see also Doscher v. Mannatt, Phelps & Phillips, LLP*, 148 A.D.3d 523, 523-524 (1st Dept. 2017) (finding that Judiciary Law § 487 claims based on discovery abuses are collaterally estopped where "[p]laintiff had a full and fair opportunity to litigate the issues he raises in this action in two motions for sanctions before the arbitration panel, both of which were denied").

inclusion of an email from Kuzon as an exhibit to the motion directing "Kane Kessler to cease and desist from doing any more work on behalf of Covista." *See* Ex. N. Plaintiff made these same arguments to the State Court in its opposition to counsel's motion to withdraw. After considering Plaintiff's arguments, the State Court granted the KK Attorneys' motion to withdraw because Covista voluntarily discharged the KK Attorneys, as was evident by Kuzon's email annexed to the KK Attorneys' motion. *See* Exs. N and O. To avoid "unfair prejudice" to Plaintiff, instead of a 60-day stay, the State Court only granted a 7-day stay to allow Covista time to find new counsel.[23]  *Id.* As a consequence, Plaintiff's allegation that the motion to withdraw was a "delaying tactic" was resolved because it was considered and caused the State Court to shorten the stay period. As such, Plaintiff is collaterally estopped from arguing it here. *See Central Hudson Gas & Electric Corporation*, *supra*, 56 F.3d at 368.

Similarly, in *Brady v. Friedlander*, 121 A.D.3d 431 (1st Dept. 2014), the Appellate Division ruled that a Judiciary Law § 487 claim is precluded when the underlying court granted an attorneys' motion to withdraw as counsel. Specifically, where the exact same arguments were made in the underlying case in opposition to the motion to withdraw and the plaintiff had an opportunity to object and failed to appeal the underlying court's order, the plaintiff could not thereafter assert a violation of Judiciary Law § 487 alleging that the defendant-attorneys provided fabricated grounds in support of their motion. The *Brady* court ruled that "[i]n granting the motion, over plaintiffs' objection, Civil Court implicitly determined that defendant had shown 'just cause' to be relieved. That issue may not be re-litigated via the instant misrepresentation claim." *Id.* Here, Plaintiff is collaterally estopped from claiming again that the KK Attorneys made a misrepresentation in their motion to withdraw.

---

[23] This fact is conveniently omitted by Plaintiff's counsel in pleading the instant causes of action.

Lastly, Plaintiff baselessly maintains that the KK Attorneys somehow enabled Covista and Birch to destroy records. *See* Ex. F at ¶¶ 29, 64. Plaintiff had "full and fair opportunity" to litigate the spoliation of records issue in the prior State Action, and did fully litigate this issue receiving a decision which granted an adverse inference but the State Court declined to impose monetary sanctions. Ex. M. Plaintiff's attempt to re-litigate the same issue against the KK Attorneys in a different tribunal is precluded by the doctrine of collateral estoppel.

### B.  Plaintiff's Judiciary Law § 487 Claim Is  Not Properly Before This Court

Where a complaint fails to allege that misconduct giving rise to a Judiciary Law § 487 claim was "merely a means to the accomplishment of a larger fraudulent scheme" which is "greater in scope than the issues determined in the prior proceeding" then "the claim is not properly asserted" in a new action, but rather appropriately raised in the "underlying action, where the alleged misconduct occurred." *Little Rest Twelve, Inc. v. Zajic,* 137 A.D.3d 540 (1st Dept. 2016). The Appellate Division has held that "plaintiff's remedy, if any, for defendant's alleged deception of Civil Court lies exclusively in the Civil Court action itself, not a second plenary action collaterally attacking the judgment in that action."[24]

Instead of a collateral attack in a new action, a plaintiff's remedy is to move to vacate the civil judgment under which the fraud was procured. *Yalkowsky v. Century Apartments Assocs.*, 215 A.D.2d 214, 215 (1st Dept. 1995); *see also Seldon v. Bernstein*, 503 Fed. Appx. 32 (2d Cir. 2012). In *Seldon*, the Second Circuit issued a decision further clarifying the rule against collateral attack following the lower court's *sua sponte* dismissal. *See Seldon*, 503 Fed. Appx. at

---

[24] *Melnitzky v. Owen*, 19 A.D.3d 201 (1st Dept. 2005); *see also Newin Corp. v. Hartford Acci. & Indem. Co.*, 37 N.Y.2d 211, 217 (1975) (suggesting an appeal of the judgment is the only remedy); *Gillen*, 126 A.D.3d at 671 (where "plaintiff was aware of the alleged violations of Judiciary Law § 487 when they occurred, and addressed most of them in the course of making applications" in the underlying proceedings, plaintiffs cannot bring a separate Judiciary Law § 487 claim); *Corcoran v. Giampetruzzi*, 29 Misc. 3d 1217(A) (Sup. Ct. Nassau Co. 2010) ("In such a case the available remedy lies exclusively in that lawsuit itself, i.e., by moving…to vacate the civil judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action.").

32. The Court held that the rule applies where, as here, the proponent of the Judiciary Law § 487 claim "was aware of the alleged misconduct at the time of the prior action." *Id.* at 33 *quoting Hansen v. Werther*, 2 A.D.3d 923, 923 (3d Dept. 2003). A plaintiff alleging fraud or false testimony cannot collaterally attack the judgment in a separate plenary action for damages against opposing counsel under Judiciary Law § 487. *Id.* at 32, 33, *quoting Specialized Indus. Servs. Corp. v. Carter*, 68 A.D.3d 750, 751 (2d Dept. 2009).

Even where the plaintiff alleges that the attorney conspired to introduce false testimony, the allegations belong in the prior action. *Id.* Where the plaintiff is aware of the purported misrepresentations prior to the close of the prior action or the alleged scheme is not greater in scope than the prior proceeding, the Judiciary Law § 487 claims should be dismissed. *Id.* If a party could collaterally attack a valid judgment in a second plenary action for alleged misconduct occurring in the first action, endless litigation would ensue. *Yalkowsky*, 215 A.D.2d at 215. [25]

Here, Plaintiff cannot collaterally attack the proceedings in the State Action because its allegations against the KK Attorneys' conduct are not greater in scope than the issues decided in the State Action. Plaintiff was well aware of all the alleged misrepresentations because it repeatedly accused the KK Attorneys of making those misrepresentations during the State Action. Moreover, the State Action is currently ongoing; Plaintiff cannot claim it was unaware of purported misrepresentations prior to the close of the prior action.

For example, Plaintiff's allegation that the KK Attorneys acted deceitfully in connection with the Forquer affidavit is belied by the fact that Kuzon's use of a New York office had nothing to do with the *forum non-conveniens* motion, but related only to the alternate ground for

---

[25] *See also Charles v. Levitt*, 2016 U.S. Dist. LEXIS 95725 (S.D.N.Y. 2016) (Engelmayer, J.) (dismissing the plaintiff's complaint for lack of subject matter jurisdiction where the plaintiff sought damages against the defendants in federal court after the plaintiff lost in state court for an alleged conspiracy that defendants were attempting to liquidate property and submission of an alleged false affidavits).

dismissal under BCL §1314.[26]  During the pendency of the motion to dismiss, the KK Attorneys notified the State Court that Kuzon occasionally used a desk in a New York office suite.  *See* Exs. N and O.  In fact, the State Court addressed the alleged false statement, finding that "[a]lthough Defendant initially contended that it did not maintain an office in New York, it came to light during discovery, and this Court became aware through supplemental submissions by the parties, that this contention is false." *Id.* (citing submissions by the KK Attorneys).  Plaintiff was fully aware of the statements then and cannot now collaterally attack the State Court decision in a separate plenary action. Like the plaintiff in *Seldon*, even if Plaintiff alleges that the KK Attorneys conspired to introduce false testimony, which they did not, the allegation belongs in the prior State Action. *See Seldon*, 503 Fed. Appx. at 32, 33.

Plaintiff even admits that it was also fully aware of each of its other allegations during the pendency of the State Action, which is still ongoing, and even received remedies in the State Action.  For example, as to Plaintiff's allegation that the State Action was delayed as a result of the KK Attorneys withdrawal of counsel, the instant Complaint admits that Plaintiff "had opposed Kane Kessler's motion to withdraw as yet another delaying tactic[.]" *See* Ex. F at ¶ 56. Plaintiff cannot now assert that it was unaware that the motion was an alleged delaying tactic when it made the same argument in opposition, and the State Court took Plaintiff's argument into consideration when granting the KK Attorneys' motion to withdraw and abbreviating the time for Covista to engage new counsel.  Ex. O. Plaintiff's Judiciary Law § 487 allegations should have been raised in the prior proceeding. *See Little Rest Twelve, Inc.*, 137 A.D.3d 540.

### C.  <u>Plaintiff Has Not Alleged the Chronic Pattern of Legal Delinquency and Requisite Intent Required for Judiciary Law § 487</u>

---

[26] The *forum non conveniens* motion was based on the location of relevant witnesses and documents in Tennessee, not the location of Kuzon's office as alleged in the Complaint.

Section 487 of New York's Judiciary Law allows an injured party to recover damages from an attorney who "is guilty of any deceit or collusion, or consents to any deceit or collusion, with the intent to deceive the court or any party."  *See* Judiciary Law §487(1); see also *Oakes v. Muka*, 56 A.D.3d 1057 (3d Dept. 2008).

The Appellate Division has held that in order to prevail on a § 487 claim, a plaintiff must plead and prove that the defendant-attorney engaged in a "chronic, extreme pattern of legal delinquency" as opposed to mere negligence or the simple mishandling of a file. *Schutz*, 2013 U.S. Dist. LEXIS 93762 (Engelmayer, J.) (citations omitted) (dismissing a § 487 claim in a Rule 12(b)(6) motion).[27]

For example, even where a lawyer violated his fiduciary duty to the client and misdirected escrow money, a violation of Section § 487 was not found.  *See Liebert v. Gelbwaks*, 234 A.D.2d 164 (1st Dept. 1996).  Where attorney's conduct during discovery unreasonably and vexatiously multiplied the proceedings and warranted imposition of sanctions, such conduct did not amount to chronic and extreme delinquency such that he was liable under the Judicial Law. *See Brignoli v. Belch, Hardy & Scheinman, Inc.*, 126 F.R.D. 462 (S.D.N.Y. 1989).

Here, Plaintiff cannot establish a "chronic, extreme pattern of legal delinquency" required for unreasonable conduct. Filing a motion to dismiss for *forum non conveniens* (based on the location of witnesses and documents in Tennessee) and a motion to withdraw as counsel (based on the client's written termination of the relationship) falls far short of that exacting standard.

Similarly, a plaintiff seeking recovery pursuant to this section must establish *intent* on the part of the attorney and establish that the attorney's conduct rose to the level of *deceit* or

---

[27] *See also, e.g., Galland v. Kossoff*, 824 N.Y.S.2d 630 (1st Dept. 2006) (affirming dismissal of § 487 claim on pre-discovery motion based on lack of allegations to demonstrate delinquency that was part of a chronic and extreme pattern); *Solow Management Corp. v. Seltzer*, 795 N.Y.S.2d 448 (1st Dept. 2005) (affirming the dismissal of a § 487 claim on a pre-answer motion to dismiss).

*collusion*, both of which require a heightened pleading standard.  The elements of a *deceit* claim are essentially the same elements that constitute a cause of action for fraud, namely "representation, falsity, scienter, deception and injury."[28]

*Curry v. Dollard*, 52 A.D.3d 642, 644 (2d Dept. 2008) found that although plaintiff was seemingly successful in the underlying case, since the defendant-attorneys were advocating a reasonable interpretation of the facts most favorable to their clients, a claim for violation of Judiciary Law § 487 could not stand.  In other words, a plaintiff cannot plead intent to deceive simply because the defendant-attorneys were unsuccessful in their motion practice, like in the motion to dismiss for *forum non conveniens*.

In fact, the alleged misrepresentation regarding Kuzon's use of a desk in New York had nothing to do with the *forum non conveniens* motion, but only related to the alternative ground asserted for dismissal under BCL § 1314.  *Ipso facto* there can be no deceit when the alleged misrepresentation is unrelated to the primary basis for the motion. In any event, when the KK Attorneys learned that Kuzon arguably had a New York office, they disclosed that to the State Court before a decision was issued. Ex. E.  Similarly, the KK Attorneys were entitled to rely on their client's written termination notice in support of a motion to withdraw.[29] Thus, Plaintiff cannot plead intent to deceive as a matter of law.

### D.  Plaintiff Cannot Plead that the KK Attorneys Caused Its Damages Because Covista Admitted Liability and the Underlying Case Is Still Ongoing

In any event, Plaintiff's Judiciary Law § 487 allegations must fail as Plaintiff is unable to plead that the KK Attorneys caused Plaintiff's damages because Covista has already admitted

---

[28] *See* N.Y. Judiciary Law §487(1); *see also Oakes*, 56 A.D.3d 1057; *Henry v. Brenner*, 271 A.D.2d 647 (2d Dept. 2000); *Gelmin v. Quickie*, 224 A.D.2d 481 (2d Dept. 1996).

[29] *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. N.Y. 1995) ("an attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable"); *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir. 1988).

liability. *See Flutie Bros. LLC v. Hayes*, 2006 U.S. Dist. LEXIS 31379 (S.D.N.Y. 2006). In pleading a violation of Judiciary Law § 487 based upon deceitful conduct by the attorney, Plaintiff must allege that the alleged misconduct was an actual cause of its damages.[30] Here, Plaintiff's damages were not caused by the conduct of the KK Attorneys because Covista has already admitted liability.

Moreover, because the underlying case is ongoing, Plaintiff's assertions are premature, speculative and "insufficient to support the allegations to recover damages under Judiciary Law § 487."[31] In the State Action, final judgment for damages has yet to be entered.

### E.  **Plaintiff Has Failed to Plead Its Judiciary Law § 487 Claim with Particularity**

Even more, Plaintiff fails to meet the particularity standard as required by F.R.C.P. 9(b)[32] for Judiciary Law § 487 claims based upon fraud.[33] As detailed above, the Complaint does not specify the exact nature of the KK Attorneys act of deceit or collusion necessary for a Judiciary Law § 487 but instead vaguely asserts bare conclusions. Because of this, the KK Attorneys are forced to guess what possible "misrepresentations" Plaintiff accuses them of making to the Court in the underlying State Action, which are therefore insufficiently pleaded.

## II.   AS A MATTER OF LAW, THE KK ATTORNEYS CANNOT BE LIABLE FOR FRAUDULENT CONVEYANCE

---

[30] *See Schutz*, 2013 U.S. Dist. LEXIS 93762 (Engelmayer, J.) ("plaintiff must allege damages that resulted from the defendant's deceit"); *Adamson v. Bachner*, 2000 U.S. Dist. LEXIS 7346, at *2 (S.D.N.Y. May 31, 2000).

[31] *Flintlock Constr. Servs., LLC v. Goodwin Procter LLP*, 2014 N.Y. Misc. LEXIS 5084, *8-9 (Sup. Ct. Westchester Co. 2014) (finding that where the underlying court may still grant plaintiff's claims which "would eliminate plaintiffs' alleged damages" in the Judiciary Law § 487 action, the second action should be dismissed).

[32] F.R.C.P. 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." A complaint alleging fraud must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004).

[33] *See Bryant v. Silverman*, 2017 U.S. Dist. LEXIS 31737, at *6 (S.D.N.Y. 2016); *Pieroni v Phillips Lytle LLP*, 140 A.D.3d 1707 (4th Dept. 2016); *Herschman v. Kern, Augustine, Conroy & Schoppmann*, 2012 N.Y. Misc. LEXIS 3616 (Sup. Ct. N.Y. Co. 2012) *citing Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.*, 13 A.D.3d 296, 297 (1st Dept 2004).

**A.  Plaintiff Does Not Allege That the KK Attorneys Were the Transferees or Beneficiaries of the Conveyance**

Plaintiff's Complaint fails to assert the crucial elements for a claim for fraudulent conveyance against the KK Attorneys or even mention the KK Attorneys in this claim at all.  Ex. F at ¶¶ 66-77.  Instead, in broad-brush fashion, Plaintiff vaguely asserts that Covista's assets were fraudulently conveyed to Birch. *Id.* at ¶¶ 31, 32, 71. New York's highest court held in *Federal Deposit Ins. Corp. v. Porco*, 552 N.Y.S.2d 910, 911 (1990), that a fraudulent conveyance claim may not be maintained against "parties who…were neither transferees of the assets nor beneficiaries of the conveyance."[34]

Here, Plaintiff does not allege that the KK Attorneys were either a transferor or a beneficiary of the alleged fraudulent conveyance, and could not so allege. As such, under New York law, no fraudulent conveyance claim may be maintained against the KK Attorneys. Therefore, Plaintiff's fraudulent conveyance allegations should be dismissed as a matter of law.

**B.  Plaintiff is Collaterally Estopped from Asserting a Fraudulent Conveyance Claim**

The doctrine of collateral estoppel also applies to Plaintiff's fraudulent conveyance claim against the KK Attorneys. The parties already litigated the asset sale in the State Action and the State Court and Appellate Division determined that it was not a fraudulent transaction.  *See* Ex. K. The Complaint even admits that the State Court permitted Plaintiff to depose Kuzon about the APA. *See* Ex. F, at ¶ 33. Based on this knowledge, Plaintiff subsequently amended the State Action Complaint to assert a claim against Birch as Covista's alleged successor. *Id.* at ¶ 35. Birch was dismissed from the underlying action on September 2, 2014, which decision was

---

[34] *See also City of Almaty v. Ablyazov,* 2017 U.S. Dist. LEXIS 168416 (S.D.N.Y. 2017); *Thomson Kernaghan & Co. v. Global Intellicom, Inc.,* 1999 U.S. Dist. LEXIS 13723, at *4-5 (S.D.N.Y. 1999)*; Lippe v. Bairnco Corp.,* 225 B.R. 846 (S.D.N.Y. Bankr. 1998)*; Foufas v. Leventhal*, 1995 U.S. Dist. LEXIS 7641, at *9 (S.D.N.Y. June 5, 1995); *Geren v. Quantum Chemical Corp.*, 832 F. Supp. 728, 736 (S.D.N.Y. 1993).

subsequently affirmed on appeal. *Id*. In short, Plaintiff attempts to re-litigate this same issue that was repeatedly resolved and decided by the trial court as well as the Appellate Division.

### C. <u>The Fraudulent Conveyance Claim is Time-Barred</u>

Pursuant to New York Civil Procedure Law and Rules ("CPLR") §202, "a case filed by a non-resident plaintiff requires application of the shorter statute of limitations period…provided by either New York or the state where the cause of action accrued." *Cantor Fitzgerald Inc. v. Lutnick,* 313 F.3d 704, 710 (2d. Cir. 2002).[35] According to the New York Court of Appeals, a cause of action "accrues at the time and in the place of the injury." *Glob. Fin. Corp. v. Triarc Corp*., 93 N.Y.2d 525, 529 (1999). When the "injury is purely economic," as Plaintiff's is, "the place of injury is usually where the plaintiff resides and sustains the economic impact of the loss." *Id.; see also Amberger v. Legacy Capital Corp*., 2017 U.S. Dist. LEXIS 171816, at *7-8 (S.D.N.Y. 2017).

Here, because Plaintiff was incorporated and its principal place of business is in New Jersey (Ex. F at ¶ 5), the cause of action accrued in New Jersey.[36]  Since New Jersey's four (4) year statute of limitations period is shorter than New York's six (6) year period (CPLR § 213(1)), New Jersey's statute applies. The New Jersey Uniform Fraudulent Transfer Act (UFTA) requires suit within four (4) years "after the transfer was made or the obligation was incurred, or, if later, within one year after the transfer or obligation was discovered." N.J.S.A. 25:2-31(a). Here, Plaintiff was aware of the transfer before it occurred (Ex. F at ¶ 31) and therefore was required to initiate suit within four years of the March 2013 transfer, by March 2017.  Therefore

---

[35] Under the principle of depecage, different states' statutes of limitations may apply to different causes of action within the same complaint. *See Simon v. Philip Morris, Inc*., 86 F. Supp. 2d 95 (E.D.N.Y. 2000).

[36] S*ee, e.g., Woori Bank v. Merrill Lynch*, 923 F.Supp.2d 491, 495 (S.D.N.Y.), *aff'd*, 542 F. App'x 81 (2d Cir. 2013) ("Under the New York borrowing statute, a business's principal place of business constitutes the sole residency of that business entity.") (citation omitted)).

this fraudulent transfer claim filed in September 2017 is untimely.

### III.    THE KK ATTORNEYS DID NOT OWE PLAINTIFF A FIDUCIARY DUTY

Plaintiff's breach of fiduciary duty claim is also premised on the transfer of assets from Covista to Birch.  The KK Attorneys could not have breached a fiduciary duty to Plaintiff because the KK Attorneys, as Plaintiff's **adversaries,** did not owe such a duty. Moreover, Plaintiff's claim is otherwise time-barred. Therefore, Plaintiff's breach of fiduciary claim should be dismissed against the KK Attorneys.

#### A.  The KK Attorneys Did Not Owe a Duty to Plaintiff

To properly plead a cause of action for breach of fiduciary duty, a plaintiff must allege (1) the existence of a fiduciary relationship; (2) misconduct by the defendant constituting the breach; and (3) damages directly caused by the defendant's misconduct.[37] For a fiduciary relationship to exist, the defendant must have been under a duty to "give advice" to the plaintiff upon matters within the scope of the relationship. *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19 (2005) (quoting Restatement [Second] of Torts § 874, Comment a.).

New York law is well settled that an attorney is the fiduciary of <u>his client</u>, not to other third parties.[38]  New York courts have long recognized that liability does not extend to individuals with whom the attorney does not have privity as a result of representing its client. [39]

Here, the KK Attorneys did not owe a duty to, and did not have a fiduciary relationship with, Plaintiff. The KK Attorneys only represented Covista and Birch in a litigation capacity in the State Action and were Plaintiff's **adversaries** in that litigation. Thus, the KK Attorneys' duty

---

[37] *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 726 F. Supp. 2d 291, 305-06 (S.D.N.Y. 2010).
[38] *Lipin v. Hunt,* 2015 U.S. Dist. LEXIS 35700 (S.D.N.Y. 2015)*; Rogath v. Koegel,* 1998 U.S. Dist. LEXIS 15624 (S.D.N.Y. 1998) (dismissal of Jud. Law §487 claim as attorney owed no duty to adversary); *Ulico Casualty Company v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D.3d 1, 21 (1st Dept. 2008).
[39] *See Doo v. Berger*, 227 A.D.2d 435, 436 (2d Dept. 1996); *Deni v. Air Niagara*, 594 N.Y.S.2d 468, 469 (4th Dept. 1994).

extended only to Covista and Birch. *See Ulico Casualty Company*, 56 A.D.3d at 21. Thus Plaintiff cannot plead, as a matter of law, that the KK Attorneys were fiduciaries of Plaintiff.

### B.  Plaintiff's Breach of Fiduciary Duty Claim is Time-Barred

In any event, Plaintiff's breach of fiduciary duty claim accrued in March 2013 when the APA was finalized and is therefore time-barred. The applicable method to calculate the statute of limitations for a breach of fiduciary duty claim depends upon the substantive remedy sought by the plaintiff in its complaint. Where, as here, the Plaintiff seeks money damages as opposed to equitable relief, New York courts apply a three year limitations period.[40] The statute of limitations begins to run when the cause of action accrues (CPLR § 203(a)) which occurs "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court." *Aetna Life & Cas. Co. v. Nelson*, 67 N.Y.2d 169 (1986).

Here, Plaintiff's cause of action for breach of fiduciary duty is time-barred because Plaintiff's alleged claims accrued in March 2013, when the asset sale closed, over three years before this action was commenced in September 2017. For these reasons, Plaintiff's breach of fiduciary duty claim should be dismissed as a matter of law.

### C.  The Breach of Fiduciary Duty Claim Does Not Allege that the KK Attorneys Caused Plaintiff's Injuries

A plaintiff pursuing a breach of fiduciary duty claim must allege that "but for" the defendant's conduct, the plaintiff would not have been injured. *See Kurtzman v. Bergstol*, 40 A.D.3d 588 (2d Dept. 2007). Where the plaintiff fails to allege sufficient facts that its damages are attributable to the defendant's actions, the claim must be dismissed.[41]

---

[40] *See Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933 (2d Cir. 1998)*; Cooper v. Parsky*, 140 F.3d 433, 440-41 (2d Cir. 1998); *Nichols v. Curtis*, 104 A.D.3d 526 (1st Dept. 2013).

[41] *DeRaffele v. 210-220-230 Owners Corp.*, 33 A.D.3d 752, 753 (2d Dept. 2006); *see also Willberry Corp. v. Schwartz*, 29 A.D.3d 899 (2d Dept. 2006).

Plaintiff does not and cannot assert that "but for" the KK Attorneys' conduct, the Plaintiff would not have been injured. Plaintiff's alleged injury, if any, arises from the still pending underlying breach of contract action, which is not attributable to the KK Attorneys' conduct. Further Plaintiff has not alleged that but for the KK Attorneys' actions, Covista would not have been able to sell its assets to Birch. Thus, the KK Attorneys did not cause Plaintiff's injuries.

**D.  Plaintiff Cannot Plead that the KK Attorneys Aided and Abetted a Fiduciary Breach**

Any aiding and abetting claim against the KK Attorneys must fail for three independent reasons: (1) the State Court already ruled that the transfer of assets to Birch was not a fraudulent transfer; (2) the Complaint does not allege that KK Attorneys had actual knowledge of any breach of fiduciary duty by others; and (3) the Complaint does not allege that the KK Attorneys provided substantial assistance to the breaching parties. *Kaufman v. Cohen*, 307 A.D.2d 113, 125 (1st Dept. 2003). First, Plaintiff failed to convince the State Court of its allegations of breach of fiduciary duty against Covista and fraud against Birch as the State Court found the asset sale was not a fraudulent transaction.  Ex. K.  As there was no viable claim for breach of fiduciary duty based on the transfer of assets, the aiding and abetting claim necessarily fails.[42]

Second, actual knowledge of the breach is an essential element, and constructive knowledge is insufficient. Where the allegations are based upon fraud, aiding and abetting a breach of fiduciary duty requires the heightened particularity requirements under F.R.C.P. 9(b). *Kolbeck v. LIT Am*, 939 F. Supp. 240, 247 (S.D.N.Y. 1996). Plaintiff has failed to plead any facts to show that the KK Attorneys had actual knowledge that the asset sale to Birch was fraudulent.

Third, it is well established that a claim for aiding and abetting a breach of fiduciary duty requires "substantial assistance" to the primary violator. *Kaufman*, 307 A.D.2d at 125. More

---

[42] *Matter of Kenneth Cole Productions, Inc*., 2013 N.Y. Misc. LEXIS 4026, at *15 (Sup. Ct. N.Y. Co. 2013).

specifically, the rule requires that a person knowingly assist in the breach of fiduciary duty by affirmatively assisting, concealing, or failing to act when required to do so, thereby enabling the breach. *Kolbeck*, 939 F. Supp. at 247. Given the fact that the KK Attorneys did not act as transaction counsel in the asset sale, Plaintiff has failed to allege that they gave substantial assistance to an effort to strip Covista of its assets and in order to thwart its creditors.

## IV.   <u>PLAINTIFF HAS FAILED TO JOIN AN INDISPENSABLE PARTY</u>

In the alternative, Plaintiff's failure to name Covista in this action warrants dismissal. Under F.R.C.P. 12(b)(7), courts may dismiss an action where joinder of a necessary party under F.R.C.P. 19(b) is not feasible after considering whether in equity and good conscience, the absent party is indispensable. *Federal Ins. Co. v. SafeNet, Inc.*, 758 F. Supp.2d 251, 257 (S.D.N.Y. 2010); *see also Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 139 (2d Cir. 2002). The factors courts are required to consider are:

> (1) to what extent a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

F.R.C.P. 19(b). The Second Circuit requires that courts take a reasoned approach when considering the above factors and only dismiss actions where just resolution of the action is not possible because of the indispensable party's absence. *See Johnson v. The Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999).

Here, Plaintiff purposely excluded Covista (whose inclusion would destroy diversity), from this litigation in order to forum shop and avoid litigation in the underlying State Court which has already ruled on so many of Plaintiff's assertions, including sanctions. The Complaint itself directly implicates Covista. *See, e.g.,* Ex. F at ¶¶ 17 ("Covista devised and implemented a

tripartite system to avoid having to pay"); 20 (Covista is a "co-conspirator" for the destruction of records); 21 (Covista created the allegedly fraudulent invoices); 27 (Covista filed and submitted affidavits in support of an allegedly fraudulent motion for *forum non conveniens*); 27 (Covista and Birch "colluded to play hot potato with customer data"); 45 (Covista "permitted the destruction of documents"); 62 (all defendants in this action "conspired with Covista"); 71 ("Covista… participated in a scheme to avoid the debt"); and 72 ("Covista's transfer of the proceeds of the sale of assets to Birch was…fraudulent").

Therefore, just resolution of the action is not possible because of Covista's absence. Plaintiff's allegation against the KK Attorneys' conduct necessarily implicates Covista's conduct during the State Action and, as a consequence, any judgment against the KK Attorneys will prejudice Covista. Simply put, if this Court were to find that the KK Attorneys' committed any misconduct during the State Action, it would be a finding against Covista's conduct during the State Action as well because the KK Attorneys represented Covista. This necessarily prejudices Covista because it is not a party to this action and cannot defend itself.[43] Thus, Plaintiff's Complaint should be dismissed for its failure to include Covista in this action.

## CONCLUSION

For all of the foregoing reasons and principles of law, the motion by the KK Attorneys, pursuant to F.R.C.P. 12(b)(6) or in the alternative, pursuant to F.R.C.P. 12(b)(7), should be granted dismissing the Complaint, with prejudice, together with such other, further and different relief as to the Court seems just and proper.

---

[43] In any event, Plaintiff's scheme not to include Covista as a named party in this action was to manipulate a way of achieving diversity jurisdiction because Plaintiff is well aware that the State Court would not tolerate these frivolous claims against opposing counsel.

Dated: New York, New York
November 17, 2017

Respectfully submitted,

**FURMAN KORNFELD & BRENNAN LLP**

By:     /s/ Rachel Aghassi
Rachel Aghassi, Esq. (Bar # RA8118)
Spencer Richards, Esq.
A. Michael Furman, Esq.
*Attorneys for Defendants*
*Kane Kessler, P.C., and*
*Gerard Schiano-Strain, Esq.*
61 Broadway, 26th Floor
New York, NY 10006
T: (212) 867-4100
F: (212) 867-4118
Email: raghassi@fkblaw.com
FKB File No. 313.193