UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
OORAH, INC.

                                                                    Civil Action No. 17-cv-7175 (PAE)

                              Plaintiff,

        -against-

KANE KESSLER, P.C., GERARD SCHIANO-
STRAIN, ESQ., BIRCH COMMUNICATIONS
INC., RONALD KUZON and JOHN DOES 1-10

                              Defendant.
-------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT
OF RONALD KUZON'S
<u>MOTION TO DISMISS ALL CLAIMS</u>**


                              Edward B. Safran
                              *Attorney for Defendant Ronald Kuzon*
                              Wall Street Plaza, 88 Pine Street, 7th Floor
                              New York, New York 10005
                              (212) 220-3814
                              <u>ebsafran@aol.ocm</u>

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Oorah fails to sustain its burden of demonstrating diversity . . . . . . . . . . . . . . . . 3

    B.    The Judiciary Law claim fails to state an actionable claim
         and must be dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    The fraudulent conveyance claims fail to state actionable
         claims and must be dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.    The fiduciary duty claim fails to state a cognizable claim
         and should be dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **TABLE OF AUTHORITIES**

**CASES**

*Aurecchione v. Schoolman Transportation System,*
      426 F.3d 635 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Barrows v. Alexander,*
      78 AD3d 1693 (4th Dept. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bell Atlantic Corporation v. Twombly,*
      550 US 44 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bevilqua v. Bernstein,*
      642 F. Supp 1072 (SDNY, 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Credit Agricole Indosuez v. Rossiyskiy Kredit Bank,*
      94 NY2d 541 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Delmage v. Corio,*
      232 F.3d 38 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Eastway Const. Corp. v. City of New York,* 762 F.2d 243
      (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Freeport-McMoRan v. KN Energy, Inc.,*
      498 US 426 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gilman v. March & McLennan Companies,*
      868 F.Supp. 2d 118 (SDNY, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*International Shipping Co., S.A. v. Hydra Offshore, Inc.,*
      875 F.2d 388 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lindaros v. Fortuna,*
      157 F.3d 945 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Makarova v. United States of America,*
      201 F.3d 110 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McNutt v. General Motors Acceptance Corp. of Indiana,*
      296 US 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Northern Trust Bank of Florida/Sarasota v. Coleman,*
    632 F.Supp. 648 (SDNY, 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Staudinger Frenke GMBH v. Casey,*
    2015 WL 3561409 (SDNY, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Tacopina v. Kerik,*
    2016 WL 1268268 (SDNY, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Defendant, Ronald Kuzon ("Kuzon") respectfully submits this reply memorandum in support of his motion pursuant to Fed.R.Civ.P. 12(b)(1) and (6) to dismiss all claims against him.

## PRELIMINARY STATEMENT

Oorah has failed to submit any proof that Kuzon was a resident of New York for diversity purposes. Oorah admits that it bears the burden of establishing subject matter jurisdiction by a preponderance of evidence. It has, however, submitted no evidence (particularly evidence in admissible form) demonstrating that at the time of the commencement of this action in December, 2017 that Kuzon was not a resident of New Jersey and that diversity jurisdiction accordingly exists. The diversity allegation in the complaint, at ¶ 9, alleges "*[U]pon information and belief*, Defendant Ronald Kuzon is ... a Citizen of New York residing at 905 West End Avenue apartment 6-3 New York, New York 10025 or at 500 East 77th Street, New York, New York 10162" [emphasis provided]. The allegation is predicated on speculation, not fact, since at the time plaintiff filed the Complaint it had no idea where Kuzon resided or was domiciled. We are reminded that process in this case was served in New Jersey.

Kuzon demonstrated in his supporting affidavit that he had not been a resident of 905 West End Avenue since 2004, and had not been a resident of 500 East 77th Street since the early spring of 2013, more than 4 ½ years prior to the commencement of this action on December 6, 2017. No countervailing proof has been tendered by Oorah. Oorah omits mention of Kuzon's affidavit of May 1, 2013 filed in the State Court case in which he averred that he was a resident of New Jersey. That affidavit was filed long before there was any motive to color the facts for the purpose of diversity jurisdiction, or as Oorah speculates, "serving his own self-interest."

1

So, rather than sustain its burden of proof on the issue of diversity, Oorah attacks Kuzon's credibility and makes use of either inaccurate or outdated information. But Oorah has not fulfilled its burden of establishing that Kuzon was in fact a resident of New York on December 6, 2017 and accordingly has failed to meet it burden of establishing subject matter jurisdiction by a preponderance of the evidence. Simply, Oorah submitted no evidence of Kuzon's citizenship on December 6, 2017.

The purported "evidence" submitted by Oorah avoids the issue of Kuzon's residence at the time of commencement of this action. The exhibits attached to the Declaration of Casey J. Hail, Esq. include a deed dated August 16, 1985 demonstrating that Kuzon purchased a condominium unit at 216-218 East 47th Street, New York, New York. That deed lists Kuzon's residence as being in Long Meadow, Massachusetts. However, another exhibit tendered in the Hail Declaration demonstrates that Kuzon sold that condominium unit in 1988, again listing him as a resident of Long Meadow, Massachusetts at the time of that sale. Another deed provided by Oorah lists Kuzon's residence in Springfield, Massachusetts. Nothing in the exhibits indicated that Kuzon was at the time a resident of New York. Nor does Oorah present any proof that Kuzon resided at either condominium apartment in the 1980's. Any such proof would nevertheless be irrelevant to the Court's jurisdiction as being remote. Counsel's statement at page 7 of Oorah's brief that "Kuzon acquired property in New York City in 1985, and over the course of the next three decades, continued to reside in New York" is nothing more than hyperbole and is belied by the very deeds on which Oorah relies, each of which lists Kuzon's residence in Massachusetts.

The fact that Kuzon was once admitted to practice law in Massachusetts but was suspended administratively for non-registration is not probative of his current domicile. Kuzon has

2

not practiced law since 1976 and accordingly did not need to renew his registration.

Similarly, the fact that Kuzon utilized a mobile phone with the (914) area code is not probative of his domicile at the time of the commencement of this litigation. Kuzon used his mobile telephone with the (914) area code for over 24 years and for convenience retained the mobile telephone number known to his family, friends and associates.

The federal tax lien referred to by Oorah recorded in May, 2014 lists Kuzon's place of employment ("75 Broad Street, c/o Covista"), not his residence or domicile.

As demonstrated in the moving papers and by Oorah's own admissions, its failure to submit proof of diversity by a preponderance of the evidence mandates dismissal of this case on jurisdictional grounds.

## ARGUMENT

### A.    Oorah fails to sustain its burden of demonstrating diversity.

For diversity purposes, the key moment is the time at which the action was commenced. *Freeport-McMoRan v. KN Energy, Inc.,* 498 US 426 (1991). And, as admitted by Oorah, the party seeking to invoke federal jurisdiction has the burden of proving that diversity exists. Apart from the speculative assertion of residence made "upon information and belief" in the Complaint, Oorah has tendered no proof that Kuzon was not a resident of New Jersey on December 6, 2017. Oorah's sole argument is an attack on Kuzon's credibility, which conspicuously omits any demonstration of his residence at the "key moment."

The jurisdictional allegation in the Complaint[1] fails to meet the requirements of Rule 11, which "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Eastway Const. Corp. v. City of New York,* 762 F.2d 243 (2d Cir. 1985). If an attorney alleges jurisdiction when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount. *International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388 (2d Cir. 1989). What is clear here is that Oorah did not conduct a reasonable inquiry into Kuzon's domicile at the time of commencement of this action. Oorah was put on notice that Kuzon was not a resident of New York when it received the affidavit of May 1, 2013 in the State Court case in which Kuzon averred that he was a resident of New Jersey, and again in November, 2017, prior to the service of the summons and complaint on December 6, 2017. See Hail Dec. Exhibit K. The "either/or" jurisdictional allegation made "upon information and belief" posits that no reasonable inquiry was in fact made by Oorah or its counsel.

Kuzon has convincingly demonstrated that he in fact moved his residence to New Jersey in May, 2013, and that his intent was to remain there indefinitely. See, *Bevilqua v. Bernstein,* 642 F. Supp 1072 (SDNY, 1986) ["Proof of a change of domicile requires proof that the party: (1) was physically present at the site of the new domicile and (2) intended to remain there indefinitely"]. Kuzon and his former wife have together undertaken the parenting of their grandchild since May, 2013 in Cresskill, New Jersey where the local school system provides exceedingly well for the special needs of their grandson. Kuzon is very much involved in his grandson's care and upbringing,

---

[1] *"[U]pon information and belief,* Defendant Ronald Kuzon is ... a Citizen of New York residing at 905 West End Avenue apartment 6-3 New York, New York 10025 *or* at 500 East 77th Street, New York, New York 10162" [emphasis provided].

attends school functions in Cresskill, consults with specialists who care for him, and has undertaken the role of a parent for his grandson. Kuzon informs the Court that it is and has been his intent to continue in that role and to reside in Cresskill indefinitely. No countervailing proof has been submitted by Oorah, in derogation of its burden.

Kuzon has also demonstrated that his place of business is in New Jersey. He has provided documentary evidence of the fact that New Jersey is his domicile, including a residential lease, a limited liability company operating agreement listing his address in New Jersey, his receipt of Social Security benefits in New Jersey, his receipt of health and hospitalization coverage in New Jersey, his receipt of bank statements in New Jersey, his receipt of insurance premium notices in New Jersey, his receipt of IRS Form 1099's in New Jersey, his listing for IRS purposes of his New Jersey address, and an affidavit submitted in the State Court action on May 1, 2013 that he was then a resident of New Jersey.

We are reminded again that "[O]nce a plaintiff's allegations of diversity are challenged by a defendant, plaintiff must prove by a preponderance of the evidence that diversity in fact exists." *McNutt v. General Motors Acceptance Corp. of Indiana,* 296 US 178 (1936)["As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof..."]

Oorah's reliance on *Aurecchione v. Schoolman Transportation System,* 426 F.3d 635

5

(2d Cir. 2005) and *Makarova v. United States of America,* 201 F.3d 110 (2d Cir. 2000) is misplaced. In both *Aurecchione* and *Makarova* the court reiterated the rule that the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of evidence and that the court may refer to evidence outside the pleadings. *Aurecchione* was not a diversity case. The appellate court found that plaintiff made a colorable pleading of subject matter jurisdiction by sufficiently raising the question of whether Title VII of the Civil Rights Act of 1964 was applicable to the facts of the case, and permitted plaintiff to amend the complaint in that regard. *Makarova* was a suit brought under the Federal Tort Claims Act, the question being whether the United States, as sovereign, was immune from suit, a jurisdictional question. The Second Circuit affirmed the dismissal of plaintiff's case finding that plaintiff failed to meet her burden of proving that her claims fell within the waiver of sovereign immunity.

Plaintiff's citations to *Lindaros v. Fortuna,* 157 F.3d 945 (2d Cir. 1998) and *Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000) are not helpful. In *Delmage* the plaintiff injured in an automobile accident was a resident of New York at the time of the accident. Between the date of accident and the commencement of a federal suit some 8 months later, defendant, an 18 year old youth, allegedly moved from Staten Island, where he lived with his parents, to Pennsylvania, where he lived with his grandparents for about a year on a temporary basis because he was not getting along with his parents. During that period of temporary residence with his grandparents all of his belongings remained at his parents' home, he continued to attend church and school in New York and maintained a bank account in New York. Defendant testified that he continually regarded his parents' house as his permanent home. The Second Circuit affirmed the dismissal of the case, finding that under the circumstances no diversity existed.

6

*Lindaros* instructs that where there is a change of domicile, "two things are indispensable: first, residence in a new domicile; and, second, the intention to remain there." Kuzon has met that test. *Lindaros* also instructs that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction with "competent proof." Oorah has failed in that regard.

**B.     The Judiciary Law claim fails to state an actionable claim and must be dismissed.**

Kuzon respectfully incorporates by reference, and adopts the arguments pertaining to the Judiciary Law claims asserted by plaintiff, contained in both Kane Kessler's and Birch's Reply Memoranda of Law.

*Gilman v. March & McLennan Companies,* 868 F.Supp. 2d 118 (SDNY, 2012) instructs that a non-attorney, or even an attorney not acting in his role as an attorney, is not liable for damages under Judiciary Law §487. "Section 487 is aimed at actions by an attorney in his or her role as an attorney. The mere fact that a wrongdoer is an attorney is insufficient to impose liability for treble damages under section 487," citing *Northern Trust Bank of Florida/Sarasota v. Coleman,* 632 F.Supp. 648 (SDNY, 1986).  In *Northern Trust* the claim was that the personal representative and ancillary executor of an estate "willfully delayed bringing suit."  The court held that since the personal representative and ancillary executor was not acting as an attorney in the underlying suit, Judiciary Law § 487 was not available as a basis of liability.

§ 487 applies only to an attorney acting his capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney. *Barrows v. Alexander,* 78 AD3d 1693 (4th Dept. 2010); *Tacopina v. Kerik,* 2016 WL 1268268 (SDNY, 2016).

Construing § 487 as Oorah wishes would make treble damages available as a matter

of course against a party, or an officer of a party, or even a witness in cases in which it is claimed that the attorney representing a party delayed a case or otherwise violated § 487.

We found no precedent, and Oorah offers no precedent, which makes a party, or an officer of a party, liable under a conspiracy or aiding and abetting theory for acts or omissions by an attorney alleged to be in violation of Judiciary Law § 487. The statute, criminal in nature, is remedial and is designed to regulate the conduct of attorneys who are acting as attorneys in a matter.

**C.     The fraudulent conveyance claims fail to state actionable claims and must be dismissed.**

Here again, in the interest of economy, Kuzon respectfully incorporates by reference, and adopts the arguments pertaining to the fraudulent conveyance claims asserted by plaintiff, contained in both Kane Kessler's and Birch's Reply Memoranda of Law.

In its opposition Oorah fails to address the fact that the fraudulent conveyance claims are time-barred, or are barred by reason of principles of res judicata and estoppel, as demonstrated in the moving memorandum and the memoranda of co-defendants. Nor does Oorah address the failure in its Complaint to allege sufficient facts demonstrating that Kuzon was a transferee of any portion of the Birch consideration received by Covista. It skirts its obligation by alleging in its memorandum inferences upon inferences - that because according to Oorah the State Court case was delayed by Covista (it was not), one should draw an inference that Kuzon is a beneficiary of fraudulent transfers (although no such transfers, to Kuzon or anyone else, are alleged or shown).

Oorah's reliance on *Bell Atlantic Corporation v. Twombly,* 550 US 44 (2007) is curious. Judge Souter instructed that "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do... Factual allegations must be enough to raise a right to relief above the speculative level ..."

There are no factual allegations that Kuzon was a transferee of any portion of the Birch consideration received by Covista.

**D.    The fiduciary duty claim fails to state a cognizable claim and should be dismissed.**

Here again, in the interest of economy, Kuzon respectfully incorporates by reference, and adopts the arguments pertaining to the breach of fiduciary duty claims asserted by plaintiff, contained in both Kane Kessler's and Birch's Reply Memoranda of Law.

In describing the parties at ¶ 9 of the Complaint Oorah alleges "upon information and belief" that Kuzon was "Covista's General Counsel." He is not alleged to be or to have been an officer, director or shareholder of Covista. Nor does the complaint include any allegation that Kuzon was "key managerial personnel." Recognizing the deficiency in its pleading, for the purpose of this motion Oorah's counsel now refers to ¶ 17 of the Complaint which alleges acts or omissions of Covista "through its officers and directors including Kuzon."[2]

Again, rather than pleading clear factual allegations to support a misplaced legal theory, Oorah speculates that "Kuzon - whatever his title may reflect - appears to be the dominant and controlling person behind Covista." That is mere speculation in Oorah's memorandum (not

---

[2]Oorah claims that "Kuzon does not deny being an officer, but only denies that Oorah alleged him to be so." We are not sure what that sentence means,. particularly since Kuzon has not yet had an opportunity to answer the Complaint and specifically deny the allegation, which Kuzon will do if required to answer. The ambiguous sentences with the phrase "including Kuzon" refers to Kuzon in his capacity as General Counsel, which is all that is pleaded regarding his status.

appearing in the Complaint), insufficient on which to predicate the serious charge of breach of fiduciary duty.

Oorah again relies on *Staudinger Frenke GMBH v. Casey,* 2015 WL 3561409 (SDNY, 2015) which we cited in our memorandum for the proposition that under the New York "trust fund doctrine" simple contract creditors such as plaintiff, may not invoke the doctrine to reach transferred assets before exhausting legal remedies by obtaining judgment on the debt and having execution returned unsatisfied. Judge Koeltl dismissed the claim for breach of fiduciary duty, instructing that plaintiffs may not recover through a direct breach of fiduciary claim. See, *Credit Agricole Indosuez v. Rossiyskiy Kredit Bank,* 94 NY2d 541 (2000).

Oorah is a contract creditor. Its claim for contract damages has not yet been fully adjudicated in the State court action. Oorah admits as such but claims that it has a right to pursue Kuzon and others on the theory that it "has and will suffer" damages as a result of Covista having been rendered "judgment-proof."[3] But Oorah has not attempted to enforce the judgment it obtained to reimburse it for the appellate bond fees, nor has it been granted a money judgment for its breach of contract claim.

## CONCLUSION

The Complaint is nothing more than a house of cards, built on fantastical elements

---

[3]Apart from self-serving and wholly conclusory allegation at ¶ 69 of the Complaint that Covista was rendered "insolvent" following the distribution of the proceeds of the sale of its assets to Birch, and in ¶ 81 that Covista rendered itself "judgment-proof," the Complaint is devoid of any factual material to support the allegation. And, when measured against the allegation at ¶ 36 of the Complaint that the asset sale to Birch was in the sum of $4 Million, the bona-fides of the allegations become questionable. We are again reminded of Rule 11 which "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed."

by transforming an otherwise plain-vanilla State Court contract action litigated in one of the country's most respected and able commercial divisions into a set-piece of innuendo, ambiguity and aspersion of the State Court's ability to control its calendar and the attorneys appearing before it.

Apart from the lack of substance in its pleading, Oorah has thoroughly failed to sustain its burden of demonstrating that this Court has diversity jurisdiction over Kuzon. It doesn't. The Complaint should be dismissed.

Dated: New York, New York
     March 9, 2018

Respectfully submitted,

Edward B. Safran
*Attorney for Defendant Ronald Kuzon*
Wall Street Plaza, 88 Pine Street, 7th floor
New York, New York 10005
(212) 220-3814
ebsafran@aol.com

11