USDC SDNY
DOCUMEN
ELECTRO           ED
DOC #:
DATE FILE  10/7/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OORAH, INC.,

                     Plaintiff,

          -v-

KANE KESSLER, P.C., and GERARD SCHIANO-
STRAIN,

                    Defendants.

------------------------------------------------------------X

17 Civ. 7175 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has carefully considered the motion by defendants Kane Kessler, P.C., and Gerard Schiano-Strain for the disqualification of Storch Amini P.C. ("the Storch Firm") as counsel for plaintiff Oorah Communications, Inc., LLC in this litigation (Dkt. 84-18), Oorah's opposition to that motion (Dkt. 87), and defendants' reply (Dkt. 89).

The Court summarily denies the motion for disqualification, as clearly devoid of merit and as transparently strategically motivated. This Court does so substantially for the reasons stated by Oorah in its persuasive opposition.

In particular, the Court is unpersuaded, on the present record, that the Storch Firm or any of its members will be necessary witnesses in this litigation, so as, potentially, to implicate the advocate-witness rule. The Court expects that this litigation, in which Oorah pursues a single claim under Judicial Law § 487, will focus instead on the many challenged aspects of the representations and conduct of Kane Kessler and its personnel in the underlying state-court litigation involving, *inter alia*, Oorah and Kane Kessler's client Covista Communications, Inc.

To be sure, this case is early in discovery. The Court cannot rule out that developments in discovery could give rise to a viable basis on which to find that the Storch Firm is disabled, at trial, from representing Oorah. This decision, therefore, is without prejudice to Kane Kessler's right, later in this case, to move anew for disqualification. On the present record, however, that scenario appears improbable. The Court finds similarly unpersuasive Kane Kessler's argument that the Storch Firm's disqualification is necessitated on account of the firm's purported financial interest in this litigation.

The Court is constrained to admonish counsel for defendants to be more careful about its factual representations to this Court. The Court expects counsel to aspire to rigorous accuracy and a high level of professionalism and care. At various points, the Court found statements of fact in defendants' briefs inexact and incomplete, if not misleading. Particularly in a litigation in which the defendant is a law firm accused of making false and misleading statements to a court and opposing counsel, defense counsel's factual imprecision ill behooves its client's interests.

The conference scheduled for October 28, 2019 at 2:30 p.m. will serve as an initial pretrial conference. The parties are to submit a joint letter and proposed case management plan in advance of the conference according to the Court's Individual Rules.

The Clerk of Court is respectfully directed to close the motion at docket 84.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 7, 2019
    New York, New York