UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

OORAH, INC.,

                              Plaintiff,                     17 Civ. 7175 (PAE)

                  -v-

KANE KESSLER, P.C., et al.,                                   ORDER

                              Defendants.

---------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      The Court has received a joint request from the parties for an order permitting defendants to disclose attorney-client communications between defendant Kane Kessler P.C. ("Kane Kessler") and its clients Covista Communications, Inc. ("Covista"), and Birch Communications, Inc. ("Birch"), related to the underlying litigation. Dkt. 118 ("Joint Ltr"). The Court permits defendants to disclose these communications for the reasons outlined in the parties' joint letter.

      First, Covista and Birch previously approved of the disclosure of emails relating to Kane Kessler's representation of them. *Id.* at 2; *see also id.*, Ex. B (email expressing consent for disclosure). These communications were then provided to plaintiff Oorah, Inc. ("Oorah"). Joint Ltr. at 2. As such, Covista and Birch have waived their claim of privilege. *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 624 (2016) ("[A] client waives the privilege if a communication is made in confidence but subsequently revealed to a third party.").

      Second, the parties contend that the disclosure of these communications is necessary to address the intent element of Oorah's claim that defendants violated New York Judiciary Law § 487. *See* Joint Ltr. at 1. Under Judiciary Law § 487, an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with the intent to deceive the court or any

party" must pay treble damages.  N.Y. Judiciary Law § 487(1).  The New York Rules of Professional Conduct allow attorneys to "reveal or use confidential information to the extent that the lawyer reasonably believes necessary . . . to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct."  *See* N.Y. Rule of Professional Conduct 1.6(b)(5); *see also Trepel v. Dippold*, No. 04 Civ. 8310 (DLC), 2005 WL 2206800, at *3 (S.D.N.Y. Sept. 12, 2005) ("[T]he applicable disciplinary rule in New York permits a lawyer to reveal confidences necessary to defend himself even where the accusation of wrongdoing is made by someone other than the client." (citing N.Y. Disciplinary Rule 4-101(C)(4), the predecessor to N.Y. Rule of Professional Conduct 1.6)).  The Court finds that disclosure of the Covista and Birch communications to facilitate defendants' defense is warranted.

Third, the Court notes the parties' representation that these communications will be marked as "Confidential" pursuant to the parties' protective order.  *See* Joint Ltr. at 1, 3.  This designation will minimize any potential harm to Covista and Birch from the disclosure.

Accordingly, defendants are permitted to disclose relevant communications between Kane Kessler, Covista, and Birch related to the underlying litigation.  Given the delay from this privilege issue, the Court grants the parties' joint request for a 30-day extension of the deposition discovery deadline.  Depositions must be completed by August 31, 2020.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 20, 2020
       New York, New York